WESTERN DIST.

*September*, 1834.

D'ARBY'S HEIRS
*vs.*
BLANCHET'S
HEIRS.

## D'ARBY'S HEIRS *vs.* BLANCHET'S HEIRS.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE
OF THE SIXTH PRESIDING.

The principle, that possession of a part of a tract of land, is possession of
the whole, and sufficient to prevent the adverse party from acquiring
absolute title by prescription, cannot prevail over the adverse pos-
session of the other party, under a title of higher dignity, and a definite
location by authority of the sovereign.

Where land has been possessed, even under an erroneous location, for more
than thirty years in conformity to it, in the presence of the adverse
claimant, the plea of prescription will prevail, and the possessors quieted
in their possession and title.

The plaintiffs sue, as the testamentary heirs of Pierre D'Arby,
f. m. c., deceased, late a resident of New-Orleans, to recover
from the defendants, who are the heirs and legal representa-
tives of Olivier Blanchet and wife, both deceased, a tract of
land, fifteen arpents on one side, and fourteen on the other
side of the river Vermilion, with the depth of forty, being
the largest portion of an original tract, of twenty arpents
front on each side of the Vermilion, with the depth of forty,
granted by the Spanish government, finally to the plaintiffs'
ancestor, by order of survey, signed by governor Galvez, the
22d of March, 1791.  The plaintiffs allege, that the defend-
ants are in possession of the land, and refuse to give it up :
they pray that it be decreed to belong to them, and that they
be quieted in the possession thereof.

The defendants claim the land, under a complete legal
title, derived from the plaintiffs.  They allege that the
plaintiffs sold eleven and one-half arpents, being all of the
remaining tract of land, claimed by them in their petition, to
one Pierre Dubois, by public act, dated May 8th, 1817, being
six arpents on the right, and five and one-half arpents on the
left side of the Vermilion ; and as the parties were uncertain
as to the number of arpents, then belonging to the vendors,
agreed, that if there should be a greater quantity than was

WESTERN DIST.
September, 1834.

D'ARBY'S HEIRS
vs.
BLANCHET'S
HEIRS.

specified in the act of sale, the purchaser was to take the surplus, at twenty-five dollars per arpent, &c. They further allege, that at the sale of the succession of said Pierre Dubois, the 9th June, 1823, Madame Olivier Blanchet purchased seven and one-half arpents on the east side, and six arpents on the west side of the Vermilion, of said land, in two lots, all of which were sold with warranty; that by said sale to Dubois, the plaintiffs abandoned all pretentions to the land claimed by them, reserving only the right of twenty-five dollars, for the surplus arpents, as above stated. They further state, that their ancestor, Olivier Blanchet, purchased four arpents on each side of the Vermilion, adjoining the above lands of Dubois, from Jean Broussard, by act bearing date the 28th of May, 1813, and situated within the limits now claimed by the plaintiffs.

The defendants plead a general denial; and allege uninterrupted possession of the premises in themselves, and those under whom they claim of thirty years; and a possession of ten and twenty years, in virtue of a good and legal title; they plead the prescription of ten, twenty, and thirty years, and call their vendors in warranty.

The heirs of Dubois, called in warranty, admit the purchase of the lots, amounting to six arpents front on one side, and seven and one-half on the other side of the Vermilion, at the sale of the succession of their ancestor, but with no privilege for the surplus; that they are entitled to the surplus, on paying the plaintiffs twenty-five dollars for each surplus arpent, front; and that the plaintiffs have a good title to all of the land claimed by them, except the eleven and one-half arpents, sold to these respondents, and by them to the defendants, as before stated; and the surplus of the original tract, will be the property of Pierre Dubois, on the payment of twenty-five dollars for each surplus front arpent; wherefore they join the plaintiffs in their claim thereto, and support their title; and they intervene for this purpose.

After hearing all the evidence, and inspecting the plats and diagrams of the survey made of the land, the district

33

WESTERN DIST.
September, 1834.

D'ARBY'S HEIRS
vs.
BLANCHET'S
HEIRS.

judge gave judgment in favor of the plaintiffs, for the land claimed by them, with a condition that the heirs of Dubois, called in warranty, and who have intervened, take the benefit of the judgment, on their paying the plaintiffs twenty-five dollars for each front arpent, within ninety days from the date of said judgment. The defendants appealed.

The titles of the respective parties are set out and stated in the opinion of the court.

*Simon,* for the plaintiffs, and for the intervenors.

1. The order of survey in favor of Maison, is dated the 26th February, 1778, and is the oldest title. The same land was afterwards *conceded* to D'Arby, commencing at the point of Maison's, and running according to his boundaries;—the act of concession, bearing date 22d March, 1791.

2. Hebert's ten arpents are bounded on one side by Maison, and on the other by the domain, and the title dates from the 23d June, 1781, (three years after the date of Maison's title, in whose right the plaintiffs claim.) Claude Broussard bounds on one side by Charles Hebert; and Pierre Gaillard is bounded on one side by Claude Broussard, and both claim under titles dated 23d June 1781.

3. All the foregoing claims are confirmed, according to the boundaries, fixed in their respective titles. The plaintiffs have possessed a part of the land under these titles. Actual possession of a part, with title to the whole, is possession of the whole. 9 *Martin,* 43.

4. There has been error in the location of these titles, but no conflict in the titles themselves; the defendants have no adverse title to that of the plaintiffs, and never intended to possess the land of the plaintiffs.

5. The boundary of Melançon, for whose land Maison's title calls, having been ascertained, the several tracts must be located according to the boundaries pointed out by the government; the grantees have no right to encroach upon each other's land, but must follow the calls of their respective titles. This case is in principle, the same as those reported in 1 *Martin, N. S.* 456. 3 *Ibid.* 11.

*Brownson*, for the defendants.

WESTERN DIST.
*September*, 1834.

D'ARBY'S HEIRS
*vs.*
BLANCHET'S
HEIRS.

*Bullard, J.,* delivered the opinion of the court.

This is a petitory action, by which the plaintiffs, as heirs of Simon D'Arby, seek to recover a part of a tract of land, of twenty arpents front on both sides of the Vermilion, by a depth of forty. The title exhibited by them, is an order of survey, dated in 1791, in favor of their ancestor, confirmed by commissioners certificate. This document recites, that the same land has been previously conceded to one Maison, in 1778, and by him abandoned to the domain, never having been cultivated by him. It calls to be bounded on one side by Melançon, and on the other by the domain. The commandant of the post of Attakapas, certifies that this tract had been surveyed for Maison, and two land-marks (corners) planted in presence of Melançon, but no plat of survey accompanies his certificate.

The defendants set up title under three patents, in favor of Charles Hebert, Claude Broussard and Pierre Gaillard, severally, for ten arpents front on both sides of the Vermilion; the first calling to be bounded on one side by Maison, and on the other by the domain, dated June 23d, 1782; the second calls for the first, and the third for the second, both the latter being dated June 23d, 1781.

The defendants further plead the prescription of ten years.

It appears, that as early as the year 1800, by various exchanges and other alienations, these three grants had become the property of Gaillard, the immediate vendor of the defendants' ancestor. On the sixth of June, of that year, Gonsoulin, a Spanish surveyor, made a survey, and gave a location to them, according to which the defendants claim to hold them. On this plat of survey, the upper grant, that of Hebert, is represented as bounded by Maison or D'Arby on the upper side, according to the calls of the patent. The evidence shows, that the land has been holden from that period to this, in conformity to that survey.

But it is contended, on the part of the plaintiffs, that this was evidently an erroneous location, inasmuch as it did not

WESTERN DIST.
September, 1834.

D'ARBY'S HEIRS
vs.
BLANCHET'S
HEIRS.

leave land enough for the claim of Maison, between the upper line, as established by Gonsoulin, and the lower line of Melançon ; and that Maison had been previously put in possession, by metes and bounds.  The original location of the Maison tract, is not shown by evidence before us, and admitting that this location by Gonsoulin was erroneous, still the land has been possessed for more than thirty years, in conformity to it, in presence of the adverse claimant.

It is, however, contended, that the principle settled by this court, in the case of Broussard *vs.* Duhamel, (3 *Martin, N. S.* 10,) is applicable to this, and that the plea of prescription cannot avail the defendants, inasmuch as all these titles were derived from the same source, and call to be bounded by each other, and no location is shown, which relates to all of them ; that D'Arby possessed at least a part of his grant, and that possession of a part is possession of the whole, according to his title.  It does not appear to the court, that the case cited is analogous to this.  In that case, several purchasers hold under the same primitive title, having bought at the same time, different portions of it, and no regular survey had been made, designating the portion purchased by each.  The court held, that an erroneous survey, made of some of the portions, was not such a partition as would enable one of them, who possessed in error, to avail himself of the ten years prescription.  In the case now under consideration, the parties hold by distinct titles, derived immediately from the sovereign, and one of them shows a location by public authority, apparently correct.  The principle contended for, by the plaintiffs' counsel, that a possession of a part of his land is a possession of the whole, cannot prevail over the adverse possession of the defendants, under a title of even higher dignity, and a definite location, by the authority of the sovereign.

The evidence shows, that an oak tree near the Bayou, was established as a land-mark by Gonsoulin, and has been recognised as the division line, between Herbert's patent and the land of D'Arby, and that the other titles below, on the Bayou, conform to that survey.  Gaillard's house is shown to

*The principle that possession of a part of a tract of land, is possession of the whole, and sufficient to prevent the adverse party from acquiring absolute title by prescription, cannot prevail over the adverse possession of the other party, under a title of higher dignity, and a definite location by authority of the sovereign.*

have been near that tree. One of the witnesses was on the spot, shortly after the survey by Gonsoulin, and is confident that the oak tree is the boundary. In addition to this, it is shown, that D'Arby sold a part of his tract to Dubois, and in his sale it is described, as bounded on one side by Blanchet. At that time the defendants held, and actually occupied their land, as they do at this time, and at the sale of Dubois's estate, the defendants themselves purchased a part of the same land, adjoining them.

Upon the whole, after the best attention we have been able to give to this case, we are satisfied, that the evidence sustains the plea, of prescription, and that the defendants ought to be quieted in their possession and title.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the defendants be quieted in their possession of the land claimed by them, according to the survey made by Gonsoulin, and that the plaintiffs pay the costs of both courts.